```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AVERY SMITH,

                        Plaintiff,            MEMORANDUM & ORDER
           -against-                           23-CV-4401 (PKC) (LB)

NYS OMH SOUTH BEACH PSYCHIATRIC
CENTER,

                        Defendant.
----------------------------------------------------------------X
```

PAMELA K. CHEN, United States District Judge:

On June 12, 2023, Plaintiff Avery Smith, filed this *pro se* action alleging employment discrimination against her former employer, South Beach Psychiatric Center. (Dkt. 1.) Plaintiff requested a waiver of the $402 filing fee by submitting an *in forma pauperis* ("IFP") application pursuant to 28 U.S.C. § 1915(a). (Dkt. 2.) For the reasons set forth below, the Court denies Plaintiff's IFP application.

## DISCUSSION

A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this District often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of indigence required under the IFP statute. *See, e.g.*, *Lawrence v. Comm'r of Soc. Sec.*, No. 22-CV-2332, 2022 WL 1782586, at *1 (E.D.N.Y. May 31, 2022); *Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019).

The Court has reviewed Plaintiff's IFP application to determine if she is financially eligible to proceed without paying the filing fee. Plaintiff indicates that she earns $5,000 in monthly gross wages and also receives a pension, annuity or life insurance payments, but does not provide the monthly amount received. (Dkt. 2 at 1.) Although Plaintiff indicates that she pays for rent, two cars and has debt (*id.* at 2), the Court finds that Plaintiff's submission does not provide the necessary information for the Court to make its required finding that she is indigent, that is, suffering from extreme poverty or totally lacking in funds.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. To proceed with this action, Plaintiff must pay the $402 filing fee to the Clerk of Court within 14 days of the date of this Order or file an amended IFP application. If Plaintiff fails to pay the $402 filing fee or file an amended IFP application within 14 days of this Order, this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 28, 2023
　　　Brooklyn, New York