UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AVERY SMITH,

                       Plaintiff,

              - against -

NYS OMH South Beach Psychiatric Center,

                    Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-4401 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Avery Smith ("Plaintiff"), a former employee of South Beach Psychiatric Center ("Defendant"), a facility of the New York State Office of Mental Health, brings this Title VII action alleging religious discrimination in connection with Defendant's COVID-19 vaccine mandate. (*See* Compl., Dkt. 1 (hereinafter "Dkt. 1"), at 3–5.) For the following reasons, the Court dismisses this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

### I.  Plaintiff's Employment and Defendant's Vaccine Mandate

Plaintiff worked as an "Intensive Case Manager" at South Beach Psychiatric Center in Staten Island, a facility managed by the New York State Office of Mental Health. (Dkt. 1, at 2; *see also* Dkt. 1-2, at ECF 1.)[1] In her form Complaint, Plaintiff brings a Title VII claim against Defendant for "failure to accommodate [her] religious request." (Dkt. 1, at 3–4.)

---

[1] The Court notes that citations to ECF refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

On October 8, 2021, Defendant sent Plaintiff a letter explaining Defendant's Vaccine Mandate ("the Mandate"), which required all of Defendant's employees to receive the first dose of the COVID-19 vaccine by November 1, 2021 and be fully vaccinated by December 10, 2021. (Dkt. 1-2, at ECF 16.)[2]  The letter noted that Defendant did not have Plaintiff's proof of COVID-19 vaccination on file.  (*Id.*)  On October 18, 2021, Plaintiff submitted a request for a "religious accommodation" and a "covid vaccine waiver."  (*Id.* at ECF 25.)  In a statement appended to the request, Plaintiff explained that her beliefs in the "Baptist Christian faith" precluded her from mandatory immunization against COVID-19.  (*Id.* at ECF 26.)  Specifically, Plaintiff stated that "[t]he practice of injecting a foreign substance into [her] body goes against [her] spiritual belief and practices as well as violating [her] spiritual principles."  (*Id.*)  Plaintiff did not request or suggest any specific accommodation for her religious conflict with the COVID-19 vaccine but asked for a full "exemption" from Defendant's policy.  (*Id.*)

On November 8, 2021, Defendant sent Plaintiff a letter explaining that Defendant was "unable to accommodate" her exemption request because the Mandate was "imperative to safeguard the health, safety, and welfare of [Defendant's] patients and residents and to prevent staffing shortages due to COVID-19 outbreaks."  (*Id.* at ECF 31.)  The letter further noted that an "essential function" of Plaintiff's work within Defendant's organization was "routine contact with patients and staff," and that "[i]ndividuals who are in such patient-facing positions and are unvaccinated pose a significant risk of substantial harm to themselves and others."  (*Id.*)

---

[2] Plaintiff attached the letter to her form Complaint.  (*See* Dkt. 1-2.)  The Court therefore deems it incorporated by reference and integral to the Complaint.  *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Consequently, Plaintiff's refusal to receive the COVID-19 vaccine made her unable to perform her job safely, resulting "in an undue hardship by impacting the safe and efficient operation of the facility." (*Id.*)  The letter further noted that "[t]here is no alternate accommodation identified that would ensure the health and safety of the patients and staff and reduce the level of a direct health and safety threat to [Defendant's] patients and other staff at the facility." (*Id.*)

## II.    Procedural History

Plaintiff filed a discrimination case with the Equal Employment Opportunity Commission ("EEOC") on December 17, 2021. (*See* Dkt. 1-2, at ECF 39.)  The EEOC determined that it would not proceed further with Plaintiff's case and notified Plaintiff of her right to sue on May 11, 2023. (*See* Dkt. 1, at ECF 8.)  Plaintiff timely sued by filing her Complaint in this Court on June 12, 2023. (*See* Dkt. 1.)  Defendant thereafter filed a request for a pre-motion conference ("PMC") on its anticipated motion to dismiss. (*See* Dkt. 10.)  After reviewing Defendant's PMC request and Plaintiff's response (*see* Dkt. 11), the Court determined and advised the parties that it would construe Defendant's PMC request as the operative motion to dismiss and Plaintiff's response as her opposition. (*See* 9/5/2023 Docket Order.)

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Hogan*, 738 F.3d at 514.  "The plausibility standard is not akin to a 'probability

3

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

4

**DISCUSSION**

"To make out a prima facie case of religious discrimination, a plaintiff alleging a violation of Title VII . . . must prove that: '(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" *Bowles v. New York City Transit Auth.*, 285 F. App'x 812, 813 (2d Cir. 2008) (quoting *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)). Additionally, "[u]nder Title VII, an employer cannot discriminate against any employee on the basis of the employee's religious beliefs unless the employer shows that he cannot 'reasonably accommodate' the employee's religious needs without 'undue hardship on the conduct of the employer's business.'" *Philbrook*, 757 F.2d at 481 (quoting 42 U.S.C. § 2000e(j)).

The Court will not analyze the elements of a *prima facie* case for religious discrimination because the dispositive factor in this case is whether Defendant has shown that it could not "reasonably accommodate" Plaintiff's religious convictions without "undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). The inquiry is straightforward on this point, because the Second Circuit has held that, when it comes to COVID-19 vaccine mandates, "Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer— in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021), *cert. denied sub nom. Dr. A v. Hochul*, 142 S. Ct. 2569 (2022). Therefore, it is plain that Plaintiff is not protected by Title VII for her request for a blanket Mandate exemption. As her job required her to interact with patients and staff at Defendant's facility, any such exemption would have clearly caused Defendant undue hardship.

When the Second Circuit reached its conclusion in *We The Patriots*, it noted that the healthcare worker plaintiffs "undoubtedly face a difficult choice if their employers deny religious accommodations—whether to be vaccinated despite their religious beliefs or whether to risk termination of their jobs," but held that "such hardships are outweighed by the State's interest in maintaining the safety within healthcare facilities during the pandemic." *We The Patriots USA, Inc.*, 17 F.4th at 295. Adhering to the holding and reasoning of *We The Patriots*, many courts in this Circuit have dismissed Title VII claims based on vaccine requirements for healthcare professionals. *See, e.g.*, *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 145 (E.D.N.Y. 2022); *St. Hillaire v. Montefiore Med. Ctr.*, No. 23-CV-4763 (PMH), 2024 WL 167337, at *2–4 (S.D.N.Y. Jan. 16, 2024); *Conde v. Mid Hudson Reg'l Hosp. Med. Ctr.*, No. 20-CV-3085 (VB), 2024 WL 168282, at *7 (S.D.N.Y. Jan. 12, 2024) (denying Title VII relief to a patient-facing nurse who requested an exemption from her employer's vaccine mandate); *Moore v. Montefiore Med. Ctr.*, No. 22-CV-10242 (ER), 2023 WL 7280476, at *6–7 (S.D.N.Y. Nov. 3, 2023) (same); *Algarin v. NYC Health + Hosps. Corp.*, -- F. Supp. 3d --, 2023 WL 4157164, at *6–10 (2023); *Bobadilla v. New York City Health & Hosps. Corp.*, No. 22-CV-10594 (JGK), 2023 WL 7280478, at *4 (S.D.N.Y. Nov. 3, 2023).

And while the Second Circuit noted that its decision did not preclude the possibility that an accommodation might exist in the healthcare context, such as telemedicine, *We the Patriots*, 17 F.4th at 292, nothing in Plaintiff's Complaint indicates that she sought any accommodation other than a blanket exemption. *See Conde*, 2024 WL 168282, at *7 (denying a Title VII claim, where, "[a]lthough the amended complaint frequently use[d] the term 'accommodation,' what plaintiff requested . . . was in fact an exemption from [the vaccine mandate] that would have allowed her to continue working in her patient-facing position while remaining unvaccinated"). Regardless,

6

the Court "cannot conceive of an accommodation that would neither have violated [the Mandate] nor resulted in an undue burden to [D]efendant[]" given Plaintiff's "routine contact with patients and staff." *Id.* at *8; *see also* Dkt. 1-2, at ECF 31.

## LEAVE TO AMEND

Because "[a] *pro se* complaint is to be read liberally," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted), and despite the fact that Plaintiff has not requested leave to amend the Complaint, the Court has *sua sponte* considered whether she should be given that opportunity. The Court is conscious that it "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* However, the Court may deny leave to amend if any amendment would be futile. *See Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999). "Futility is a determination . . . that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)[.]" *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

The Court concludes that, given Plaintiff's desire for a blanket exemption from the Mandate, Defendant will inevitably be able to make an undue hardship showing to defeat her claim. Thus, it would be futile for the Court to allow Plaintiff to amend her Complaint. *See, e.g.*, *Moore*, 2023 WL 7280476, at *8 (denying leave for *pro se* healthcare worker to amend her Title VII and due process challenge to her workplace's vaccine mandate); *Algarin*, 2023 WL 4157164, at *14 (denying leave to amend vaccine mandate challenge "given the lack of facts, and legal support, to maintain the claims").

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff's Complaint is dismissed with prejudice.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 22, 2024
        Brooklyn, New York